### IN THE

# SUPREME COURT

### OF

# OREGON.

---

Submitted on briefs October 19, affirmed October 28, 1921.

## SILSBY v. WILLIS.

### (201 Pac. 427.)

**Appeal and Error—Court Findings on Conflicting Evidence not Disturbed.**

1. Where the parties differed as to the terms of an agreement employing the plaintiff as to the compensation, the finding of the court on conflicting evidence will not be disturbed on appeal.

From Multnomah: F. M. CALKINS, Judge.

In Banc.

This action was brought by W. E. Silsby, who is a moving picture art and technical director, against Adelaine B. Willis, who is an author of photo plays. The plaintiff is seeking to recover for services rendered to the defendant. The cause was tried without the intervention of a jury. The findings of the court were for the plaintiff, and the defendant appealed from the consequent judgment.

The plaintiff alleges in his complaint that he and the defendant entered into an agreement—

"by the terms of which this plaintiff was to act as a technical director for the preparation and produc-

102 Or.—1          (1)

tion of a moving picture film which the defendant herein was to produce and also to give knowledge and advice regarding the production of certain other moving picture films and plays and vaudeville acts claimed to have been written by the defendant and to perform any and all services requested to be performed by the defendant for a period of one year from said date, and for which the said plaintiff was to be paid the sum of $5,000, * * and that in and by said contract the said plaintiff was to have a drawing account from the defendant to the amount of $100 per month * * and the balance to be paid at the expiration of said year. And in addition to that said defendant promised and agreed to pay all traveling expenses of the plaintiff during said period of one year."

It is further alleged by the plaintiff that he performed his agreement in every particular from March 7, 1919, to July, 1919, when without just cause the defendant canceled the agreement and discharged the plaintiff; that by reason of the cancellation of the contract he is entitled to receive his salary for the months of March, April, May and June, or one third of a year, amounting to $1,666.67, less, however, certain payments admitted to have been made by the defendant.

The answer avers that the parties entered into an agreement whereby the plaintiff was to render services for the defendant; and this pleading contains a statement in detail of all that Silsby agreed to do. The defendant alleges that the parties agreed that the plaintiff should receive as his compensation—

"One hundred dollars per month for each month he was employed; and that in the event that through his efforts the materials of said defendant were made to earn $5,000 then that sum less any and all other sums already paid to him, other than for his transpor-

tation as hereinafter mentioned, should be paid to said plaintiff by said defendant, on a date optional with said defendant within the above described year: * * that if defendant desired to send plaintiff upon any trips in connection with said employment, the defendant would advance his railroad fare upon any of said trips, which was not to apply upon said $5,000."

It is further alleged in the answer that the plaintiff "failed, neglected and refused to perform any of the terms and conditions of said agreement," and that because of such failure the defendant was damaged in the sum of $5,000.

The only point attempted to be made by the defendant or discussed by her in her printed brief is that the allegations of the complaint and the proof do not coincide.                                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wilbur, Spencer, Beckett & Howell* and *Mr. E. K. Oppenheimer.*

For respondent there was a brief over the name of *Messrs. Joseph, Haney & Littlefield.*

HARRIS, J.—As stated by the trial judge, when both parties rested and the cause was submitted for decision:

"It is a question here of what the contract was and whether or not it was performed."

There was no substantial difference between the parties as to the terms of the contract, except so far as it related to the compensation to be paid to the plaintiff. The parties differed widely upon the terms of the agreement fixing the plaintiff's compensation. There was also a difference between the parties as to

whether or not the plaintiff was, during a portion of the time between March 7, 1919, and July 7, 1919, giving his time and services to the defendant's brother instead of to the defendant.

Upon the subject of compensation the evidence is contradictory, but the testimony of the plaintiff coincided with the allegations of his complaint. The testimony of the defendant supported the averments in her answer. The testimony of the plaintiff likewise corresponded with his complaint so far as it related to the remaining terms of the agreement.

The plaintiff testified that what work he did under the supervision of the defendant's brother was done pursuant to her directions and for her. The adopted son of the plaintiff gave testimony corroborating the latter. The defendant gave testimony contradicting that of the plaintiff with reference to the work done under the supervision of the defendant's brother.

The plaintiff testified that he gave all his time to the defendant and did all that he agreed to do, giving in detail and at much length an account of what he claimed he did.

1. There was testimony upon both sides of each issue of fact. The evidence offered by the plaintiff did not, as we read the record, depart or vary from the allegations of the complaint. The findings of fact made by the trial court coincided with the allegations of the complaint. The contradictions in the evidence were by the Circuit Court resolved against the defendant, and the conclusion reached by that court cannot now be disturbed. The judgment is affirmed

AFFIRMED.